UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GHALEB JAARA,

Petitioner,

v.

6:26-CV-06807-MAV

**DECISION AND ORDER**

PHILIP RHONEY, in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration and Customs Enforcement; *et al.*,

Respondents.

Petitioner Ghaleb Jaara filed an "Emergency Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 on August 5, 2026, while being held as civil immigration detainee at the Buffalo Federal Detention Facility. ECF No. 1. On August 7, 2026, the Court issued an Order to Show Cause giving Respondents 10 days to submit a letter acknowledging controlling precedent in lieu of a more exhaustive or fulsome response, or 45 days to submit a more fulsome response "if Respondents either do not concede that controlling precedent, either from the Second Circuit or this Court's own decisions, applies to Petitioner's case and/or Respondents will be advocating solely for form(s) of relief that Petitioner has not affirmatively sought in their petition." ECF No. 2. Respondents provided notice to the Court on August 13, 2026 of their intent to file a response within 45 days. ECF No. 4.

Since Respondents' filed their 45-day notice, Petitioner's counsel has filed a response seeking a statement of the basis for Petitioner's detention (ECF No. 5), an emergency motion for immediate release on the basis that Petitioner was entitled to notice of the basis for his

detention within 20 days (ECF No. 6), and now motions for a temporary restraining order (ECF No. 7) and expedited hearing (ECF No. 8). For the reasons discussed below, Petitioner's motions at ECF No. 6, ECF No. 7, and ECF No. 8 are all denied. The timeline set forth in the Court's original Order to Show Cause (ECF No. 2) shall govern submissions in the instant case.

The Court's authority to issue an order to show cause on a writ of habeas corpus is detailed in 28 U.S.C. § 2243. Under 28 U.S.C. § 2243, the Court must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The statute further provides that the person to whom the order to show cause is directed shall make a return certifying the true cause of the detention within three days, unless good cause warrants additional time. *Id.* Thereafter, "a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

However, 28 U.S.C. § 2243 is not the only statute governing a habeas petition filed under 28 U.S.C. § 2241. *Schumaker v. Knight*, No. CV 23-20834 (CPO), 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024) (internal citation omitted). Indeed, Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") is applicable to § 2241 cases through Rule 1(b). *Tompkins v. Pullen*, No. 3:22-CV-00339 (OAW), 2022 WL 871938, at *2 (D. Conn. Mar. 23, 2022). Rule 4 requires simply that the Court "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order." Habeas Rule 4. "Rule 4 . . . gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a

time within which an answer must be made." *Iremashvili v. Rodriguez*, No. CV 15-6320 (CCC), 2017 WL 935441, at *2–3 (D.N.J. Mar. 9, 2017) (discussing the Habeas Rule 4 advisory committee's note to 1976 adoption).

Further, the Habeas Rules provide an avenue for the Court to order an evidentiary hearing where it is warranted. Habeas Rule 8(a) provides that if, upon receipt of the parties' papers, the petition is not dismissed, the judge must review the response and relevant exhibits "to determine whether an evidentiary hearing is warranted." If a hearing is warranted, the Court "must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare . . . ." Habeas Rule 8(c).

Recognizing "the necessity of greater flexibility in determining the time period in which an answer must be made," and that such flexibility is possible under the Habeas Rules while at the same time preserving Petitioner's rights, the Court declines to grant Petitioner the immediate relief he requests. *See Hayon v. Reardon*, No. 20-CV-4668 (PKC), 2021 WL 25365, at *7 (E.D.N.Y. Jan. 4, 2021) (citing, *inter alia*, *Kalu v. New York*, No. 08-CV-4984 (NGG), 2009 WL 7063100, at *4 (E.D.N.Y. Sept. 15, 2009) ("[B]oth Congress and federal courts have recognized the impracticability of [section 2243], and the necessity for greater flexibility in determining the time period in which an answer must be made." (citations omitted)).

Therefore, IT IS HEREBY ORDERED that

Petitioner's Emergency Motion for Immediate Release [ECF No. 6], First Motion for a Temporary Restraining Order [ECF No. 7], and Emergency Motion to Expedite [ECF No. 8] are denied without prejudice; and it is further

ORDERED that the timeline set forth in the Order to Show Cause issued on August 7, 2026 [ECF No. 2] shall continue to govern submissions in the instant matter. Following receipt of the parties' papers, the Court will determine whether an evidentiary hearing is warranted.

SO ORDERED.

Dated: September 16, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge